J-S68012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
           v.               :
:
:
:
CARL FREMAN MOYER, JR.      :
:
         Appellant      :   No. 2064 MDA 2016

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001050-2014,
CP-41-CR-0001387-2014, CP-41-CR-0002061-2014

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:         **FILED NOVEMBER 15, 2017**

Carl Moyer, Jr., appeals *nunc pro tunc* from the judgment of sentence, entered in the Court of Common Pleas of Lycoming County, following his conviction for three counts of driving under the influence (DUI) – highest rate of alcohol.  75 Pa.C.S. § 3802(c).[1]  Following a hearing, the court accepted Moyer's open guilty pleas, reviewed a presentence report, and sentenced Moyer to Intermediate Punishment (IP) for a period of fifteen (15) years, with the first seventeen and one-half (17½) months to be served at the Lycoming

---

[1] Moyer's three DUI offenses occurred within a six-month period, on March 15, 2014, May 3, 2014 and August 30, 2014.  Each offense yielded a blood alcohol content (BAC) over twice the legal limit, .22%, .21% and .22%, respectively. Moyer was not eligible for the Recidivism Risk Reduction Incentive (RRRI) program due to a prior conviction in 1990 for attempted homicide and aggravated assault.  61 Pa.C.S. § 4501 *et seq*.

---

*   Retired Senior Judge assigned to the Superior Court.

County Prison Pre-release facility. That same day, the court vacated the sentence and imposed three consecutive sentences of two (2) to five (5) years' incarceration, for an aggregate sentence of six (6) to fifteen (15) years' incarceration. On appeal, Moyer argues the court abused its discretion in sentencing him to state incarceration.[2] After our review, we affirm.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted). Here, Moyer's direct appeal rights were reinstated *nunc pro tunc* and a timely notice of appeal was filed. Moyer filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and has included in his brief a Pa.R.A.P. 2119(f) statement. In his Rule 2119(f) statement, Moyer states that his sentence is manifestly excessive in relation to his conduct, the sentencing

---

[2] We note the Commonwealth has not filed a brief.

factors, and disproportionate to similarly situated offenders. His Rule 2119(f)

statement reads:

> The sentencing proceedings and presentence investigation reports establish that [Moyer] had a problem drinking pattern, he met criteria for counseling, and his attitude, insight, and willingness to follow recommendations were good. Further, the presentence report indicated that [Moyer] was receiving outpatient counseling through White Deer Run where he was attending individual and group sessions on a weekly basis. [Moyer] was also attending Alcoholics Anonymous meetings and working through the twelve steps and currently had a sponsor. Other important facts established at the sentencing proceeding include that [Moyer] maintained employment as a welder at ACF Industrial and that a big reason for his high prior record score was a 1990 conviction for criminal attempt-homicide.

Appellant's Brief, at 7-8.[3]

The determination of what constitutes a substantial question must be

evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825,

828 (Pa. Super. 2007). A substantial question exists "only when the appellant

advances a colorable argument that the sentencing judge's actions were

_____

[3] We note that there is no indication in the record that Moyer filed a post-sentence motion. However, we are not inclined to find waiver on this ground because Moyer's direct appeal rights were reinstated *nunc pro tunc* by order dated December 13, 2016, which required Moyer to file a timely notice of appeal within thirty (30) days. ***See*** Order, 12/13/16. Moyer filed his notice of appeal on December 19, 2016, and, on December 23, 2016, the court ordered Moyer to file a Rule 1925(b) statement on June 2, 2017. The appeal was dismissed by this Court for failure to comply with Pa.R.A.P. 3517 (Docketing Statement). That dismissal order was ultimately vacated and this Court entered an order on February 15, 2017 reinstating the appeal; Moyer filed a Pa.R.A.P. 1925(b) statement by June 2, 2017. The trial court notes that it did not receive a copy of this Court's reinstatement order, which breakdown explains the delay in the filing of the Rule 1925(b) statement. ***See*** Trial Court Opinion, 6/19/17, at 6-7.

either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). We find Moyer has raised a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013) (where defendant asserted imposition of consecutive sentences was disproportionate to crimes and that sentencing court disregarded rehabilitation and nature and circumstances of offense in handing down sentence, court found substantial question).

Moyer argues that the sentencing court abused its discretion in sentencing him to three consecutive sentences of 24 to 60 months' imprisonment, for an aggregate sentence of incarceration of 6-15 years.[4] The parties stipulated that Moyer's prior record score is RFEL (repeat felony offender) and his offense gravity score is a five. The standard range for the minimum sentence is 24 to 36 months' imprisonment for each DUI conviction. Although Moyer acknowledges that each of the three sentences falls within the range of the standard sentencing guidelines, he claims the sentencing court's application of the guidelines resulted in an unreasonable sentence, and the circumstances here warranted a sentence in the mitigated range. *See* Appellant's Brief, at 11

---

[4] We note that the heading of the Argument portion of Moyer's brief misidentifies both Moyer's crimes and sentences. *See* Appellant's Brief, at 10.

- 4 -

This Court reviews sentencing determinations as follows:

[S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252–53 (Pa. Super. 2006) (citations omitted). Moreover, an appellant "must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Kitchen*, 162 A.3d 1140, 1146 (Pa. Super. 2017). Further, when imposing sentence, a court is required to consider "the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Antidormi*, 84 A.3d 736, 760–61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

Our review of the two March 10, 2015 sentencing transcripts indicates that the court acted within its discretion. At the hearing, the court stated that it had struggled over this case, noting Moyer's danger to the public and recurrent misconduct, but also noting his rehabilitation efforts, his work history, his church attendance, his home support and the fact that were it not for his conviction 25 years ago, his risk/needs assessment "would be minimal."

N.T. Sentencing Transcript I, 3/10/15, at 17. The court questioned the Commonwealth's attorney, asking, "What good do we accomplish by sentencing this man to state prison?" *Id.* at 18. The court, after considerable and dispassionate reflection, sentenced Moyer to an aggregate term of 15 years of IP with the first seventeen and one-half (17½) months to be served in the Lycoming County's Pre-release Program. The court noted that it was "acutely aware" that the sentence was well below the standard sentencing guideline range, but justified the sentence as follows:

> First, defendant's criminal record and prior record score of a RFEL is based solely on convictions which are twenty-five years old. Accordingly, the Court is of the opinion that defendant's prior record score overstates his criminal culpability. Furthermore, defendant has taken extraordinary steps in addressing his alcohol abuse as set forth in the presentence report, as well as the White Deer Run notification of defendant's completion of treatment. The defendant regularly attends AA meetings, he has a sponsor, he is working The Big Book, he is steadily employed, he has a church support group, he has a home group, and he still attends individual and family group counseling. The Court is also considering defendant's age of sixty (60) years old. The court is of the opinion that defendant's age caused him to be less likely of a risk going forward. Finally, the court has extensively reviewed the risk needs assessment as set forth in the presentence report. Of 28 points, 23 of them are attributed solely to defendant's conviction of 25 years ago. But for those points, defendant's supervision status would be a risk of 5, which is close to the administrative risk, and his need would fit into the administrative category.

Sentencing Order I, 3/10/15.

Thereafter, the court learned that Moyer had made several misrepresentations. Contrary to Moyer's assertions that he has been

attempting to address his behavior to ensure that he is not a danger to the community, the court learned that Moyer had, despite his representations otherwise, attended only one AA meeting and admitted to drinking as recently as the Friday before his sentencing hearing. **See** Sentencing Transcript II, 3/10/15, at 2. As a result, the court vacated the IP sentence and imposed the current sentence of six to fifteen years' incarceration. The court stated in its order:

> [B]ecause it is apparent to the court that the defendant continues to drink and has not accepted responsibility for his extremely dangerous conduct, and has, in fact, made misrepresentations to the court regarding his steps at recovery, and while the court was willing to give the defendant more of a break than perhaps he has given any other defendant in the past six (6) years, the Court is of the opinion that a sentence of state prison is warranted.

Sentencing Order II, 3/10/15.

Moyer did not address his drinking problem after his first or second offenses, resulting in a third conviction where his BAC was again over twice the legal limit, and his misleading statements to the court indicated that he was unwilling or incapable of addressing his behavior. The sentencing court properly considered Moyer's characteristics as well as the nature and circumstances of his offenses. Additionally, there is no question that the sentencing court observed Moyer and considered his presentence report. **See Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) ("[w]here presentence reports exist, we shall continue to presume that the sentencing judge

was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

We conclude, therefore, that the sentencing court imposed a sentence that was consistent with the protection of the public, taking into account the gravity of the offenses as it related to community. **See** 42 Pa.C.S. § 9721(b); 42 Pa.C.S. § 9781(d)(1). **See also Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). We find no abuse of discretion. **Malovich**, **supra**.

Judgment of sentence affirmed.

Judge Dubow joins the Memorandum.

Judge Strassburger concurs in the result.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2017