J. A30032/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GENE DONTA CARTER, | : | No. 472 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 6, 2016,
in the Court of Common Pleas of Blair County
Criminal Division at No. CP-07-CR-0000245-2011

BEFORE: BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: FILED: February 16, 2018

Gene Donta Carter appeals from the December 6, 2016 aggregate judgment of sentence of 37 to 74 years' imprisonment imposed after a jury found him guilty of 16 counts of delivery of a controlled substance, two counts of possession with intent to deliver a controlled substance ("PWID"), and one count each of criminal conspiracy, criminal use of communication facility, and dealing in proceeds of unlawful activity.[1]  Appellant was also ordered to pay fines totaling $210,000.  After careful review, we vacate the judgment of sentence as it relates to the fines imposed and affirm the judgment of sentence in all other respects.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 903(a), 7512(a), and 5111(a)(1), respectively.

The relevant facts and procedural history of this case are as follows. This case arose from an investigation by the Pennsylvania Office of the Attorney General that revealed that appellant purchased cocaine and heroin from Michael Serrano and later sold it in Blair County between September 2009 and April 2010. On October 27, 2011, appellant was found guilty of the aforementioned offenses following a four-day jury trial. On January 12, 2012, the trial court sentenced appellant to an aggregate term of 104½ to 215 years' imprisonment, which included 16 mandatory minimum sentences for the delivery of cocaine and heroin under 18 Pa.C.S.A. § 7508. Appellant's jury trial and sentencing were presided over by the late President Judge Thomas G. Peoples. Post-sentencing and appellate proceedings in this matter were quite protracted and need not be reiterated here. Ultimately, on September 1, 2015, a panel of this court affirmed appellant's convictions, but vacated his judgment of sentence and remanded for re-sentencing in light of the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013). **See Commonwealth v. Carter**, 122 A.3d 388, 393 (Pa.Super. 2015).

On December 6, 2016, the trial court re-sentenced appellant to an aggregate term of 37 to 74 years' imprisonment.[2] On December 14, 2016, appellant filed a timely post-sentence motion for modification of his sentence.

---

[2] The Honorable Daniel J. Milliron presided over appellant's re-sentencing proceeding.

On March 23, 2017, the trial court denied appellant's post-sentence motion, and this timely appeal followed. On March 31, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. On April 21, 2017, appellant filed his timely Rule 1925(b) statement. Thereafter, on June 2, 2017, the trial court filed a letter indicating that it would be relying on the record and a formal Rule 1925(a) opinion would not be forthcoming.

Appellant raises the following issues for our review:

> I. WHETHER THE SENTENCING COURT ERRED IN APPLYING INCORRECT OFFENSE GRAVITY SCORES IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS BASED UPON THE UNPROVEN WEIGHT OF DRUGS IN THE COURSE OF SENTENCING HIM FOR DELIVERY/[PWID] CONTROLLED SUBSTANCES AND CRIMINAL CONSPIRACY[?]
>
> II. WHETHER THE AGGREGATE SENTENCE OF 37 TO 74 YEARS['] INCARCERATION RESULTING FROM THE IMPOSITION OF CONSECUTIVE SENTENCES CONSTITUTED A MANIFESTLY UNJUST, UNDULY HARSH SENTENCE GIVEN THE CIRCUMSTANCES OF THE CASE[?]
>
> III. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONSIDER [APPELLANT'S] ABILITY TO PAY IN DECLINING TO REDUCE THE AGGREGATE FINE OF $210,000.00 WHERE [APPELLANT] IS INDIGENT AND THE RECORD IS DEVOID OF EVIDENCE OF ABILITY TO PAY[?]

Appellant's brief at 6.

Generally, our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa.Super. 2014), **appeal denied**, 117 A.3d 297 (Pa. 2015) (citation omitted).

Appellant's first two claims challenge the discretionary aspects of his sentence. Where an appellant challenges the discretionary aspects of his sentence, the right to appellate review is not absolute. **See Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, appellant filed a timely notice of appeal and preserved his discretionary aspects of sentencing claims in his December 14, 2016

post-sentence motion. Appellant has also included statements in his brief that comport with the requirements of Pa.R.A.P. 2119(f). (**See** appellant's brief at 18-20, 37-42.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013), **appeal denied**, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa.Super. 2012), **appeal denied**, 63 A.3d 774 (Pa. 2013) (citation omitted).

Appellant first argues that the trial court abused its discretion in applying elevated offense gravity scores ("OGS") that were improperly based on "the unproven weight of the drugs" in question. (Appellant's brief at 17.) A claim that the trial court applied an incorrect OGS raises a substantial question. **Commonwealth v. Lamonda**, 52 A.3d 365 371 (Pa.Super. 2012), **appeal denied**, 75 A.3d 1281 (Pa. 2013). Accordingly, we proceed to consider the merits of this discretionary sentencing claim.

Here, the Commonwealth presented a copious amount of testimony at trial to establish the weight of the drugs involved in 13 of the 16 narcotics

transactions for which appellant was ultimately convicted. (**See** notes of testimony, 10/24/11 at 40-68, 74-84, 88-109, 121-128, 135-145, 149-154, 155-167, 169-185, 188-189, 196-197; 10/25/11 at 103-104, 129-162, 171-175; and 10/26/11 at 7-15, 42-48, 111-128, 165-168, 175-176.) Clearly, the testimony was sufficient to support the elevated OGS utilized by the trial court in fashioning appellant's sentence.

Appellant, however, takes issue with the fact that the Commonwealth did not present additional evidence at the re-sentencing hearing to establish the weight of the drugs used to calculate his OGS on the Guideline Sentence forms. (Appellant's brief at 17.) Appellant concedes in his appellate brief that the United States Supreme Court's ruling in **Alleyne**[3] does not require that the weights or quantities of drugs affecting the standard range of sentence be proven to the jury beyond a reasonable doubt. (**Id.** at 24, 31.) However, appellant maintains that "the Commonwealth is not entirely obviated of providing those facts, altogether" at sentencing, and before the weight or quantities of the drugs in question can be used to raise the OGS, they "are subject to proof . . . by a preponderance of the evidence." (**Id.** at 31.) For the following reasons, we disagree.

---

[3] In **Alleyne**, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt[.]" **Alleyne**, 133 S.Ct. at 2155 (citation omitted).

Appellant's argument misconstrues the nature of the OGS and the Sentencing Guidelines. The OGS is but one factor in the Sentencing Guidelines; the other factor is appellant's prior record score.

> The Sentencing Guidelines, located at 204 Pa.Code § 303 **et seq.**, recommend ranges of minimum sentences based on the type of offense, the defendant's prior criminal history, and a variety of aggravating and mitigating factors. The standard recommended minimum sentence is determined by the intersection of the defendant's prior record score and the offense gravity score on the Basic Sentencing Matrix.

**Commonwealth v. Yuhasz**, 923 A.2d 1111, 1118 (Pa. 2007), citing 204 Pa.Code § 303.16; **see also** 204 Pa.Code § 303.9(a)(1) (stating, "Guideline sentence recommendations are based on the Offense Gravity Score and Prior Record Score").

It is well settled that trial courts retain broad discretion in sentencing matters and that the Sentencing Guidelines "are merely one factor among many that the court must consider in imposing a sentence[.]" **Yuhasz**, 923 A.2d at 1118 (citation omitted). The Sentencing Guidelines are to be considered "advisory in nature[,]" **see Commonwealth v. Kitchen**, 162 A.3d 1140, 1147 (Pa.Super. 2017) (citation omitted), and "may help frame the exercise of judgment by the court in imposing a sentence." **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007).

> [T]he guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an

essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.

*Id.* at 964-965 (citations omitted).

Instantly, the record reveals that the trial court weighed multiple factors in addition to the OGS used to calculate his sentence under the Sentencing Guidelines, including "the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community[.]" ***See Kitchen***, 162 A.3d at 1147 (citation omitted). In its December 6, 2016 re-sentencing order, the trial court stated that it "developed its own independent and current consideration of the appropriate sentence" and carefully followed the directions set forth by this court on remand in appellant's co-defendant's case, ***Commonwealth v. Serrano***, 150 A.3d 470 (Pa.Super. 2016).[4] (***See*** trial court order, 12/6/16 at 1-2.)

Specifically, the trial court reasoned as follows:

> [The sentencing court] paid attention to the sentencing statutes, particularly Section 9721 and considered the protection of the public, the seriousness of the offense as it related to the impact on the community and the rehabilitative needs of [appellant]. The Court finds that [appellant] was a prime and, in fact, the principal person of culpability in the drug distribution scheme that involved

---

[4] The ***Serrano*** court held that, "[w]hen a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. Reimposing a judgment of sentence should not be a mechanical exercise." ***Commonwealth v. Serrano***, 150 A.3d 470, 473 (Pa.Super. 2016) (citations and internal quotation marks omitted).

Mr. Serrano. The Court believes that a consideration of the sentences of co-defendants is appropriate, but for the record[, appellant] is at the top of the pyramid of responsibility. The Court does believe that [appellant] has some potential for rehabilitation but balances that against the substantial influx of controlled substances[,] which he was responsible for bringing into the Blair County community. This Court rejects his counsel's argument of sentencing manipulation by law enforcement or that there is a legal fiction involved in the law enforcement's development of the case.

Trial court order, 12/6/16 at 2.

The record further reflects that the trial court was in possession of a pre-sentence investigation ("PSI") report and indicated that the trial court reviewed it. (Pre-sentence investigation report, 12/6/16; certified record at # 110.) Where the trial court has the benefit of a PSI report, as is the case here, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Accordingly, appellant's first challenge to the discretionary aspects of his sentence must fail.

Appellant next argues that the trial court abused its discretion in imposing consecutive sentences for a number of his drug-trafficking offenses that resulted in "a manifestly unjust, unduly harsh sentence given the circumstances of this case." (Appellant's brief at 36.)

The "[l]ong standing precedent of this [c]ourt recognizes that 42 Pa.C.S.A. [§] 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa.Super. 2005). Generally, the imposition of consecutive sentences does not raise a substantial question. **See Commonwealth v. Pass**, 914 A.2d 442, 446 (Pa.Super. 2006) (stating that a challenge to the trial court's discretion to impose a consecutive sentence does not raise a substantial question). Such a claim may raise a substantial question "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa.Super. 2013), **appeal denied**, 91 A.3d 161 (Pa. 2014) (citation omitted). This case simply does not present "extreme circumstances," and appellant's sentence is not unduly harsh considering the extensive criminal conduct that occurred in the case, the nature of the crimes, and the length of imprisonment. Accordingly, the trial court's decision to impose consecutive, rather than concurrent, sentences does not present a substantial question for our review.

In his final issue, appellant contends that the trial court erred in ordering him to pay $210,000 in fines in connection with his sentence of confinement "where [he] is indigent and the record is devoid of evidence of ability to pay." (Appellant's brief at 52.)

This court has recognized that a challenge to fines imposed in conjunction with a sentence of imprisonment, based upon a defendant's ability to pay, is a non-waivable challenge to the legality of the sentence. ***See Commonwealth v. Boyd***, 73 A.3d 1269, 1270 (Pa.Super. 2013). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Stradley***, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

The imposition of fines is governed by 42 Pa.C.S.A. § 9726, which provides, in relevant part, as follows:

> **(b)** **Fine as additional sentence.--**The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
> (1) the defendant has derived a pecuniary gain from the crime; or
>
> (2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

***Id.*** at § 9726(b). Subsection (c), in turn, sets forth an exception to this general rule and states that, "[t]he court **shall not** sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." ***Id.*** at § 9726(c) (emphasis added).

- 11 -

J. A30032/17

Instantly, the Commonwealth concedes that the part of the judgment of sentence that imposed $210,000 in fines should be vacated because the record is devoid of any evidence that the trial court inquired into appellant's ability to pay. (**See** Commonwealth's brief at 20-21.) Upon review of the December 6, 2016 re-sentencing hearing transcript, we agree. Accordingly, we vacate said portion of the trial court's December 6, 2016 judgment of sentence imposing the fines in question.

Judgment of sentence affirmed in part, vacated in part. Case remanded for a determination of fines. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2018

- 12 -