J-S64003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX O'NEIL FIGUEROA | : | |
| | : | |
| Appellant | : | No. 1075 EDA 2018 |

Appeal from the Judgment of Sentence March 12, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003240-2017

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 01, 2019**

Alex O'Neil Figueroa appeals from the judgment of sentence of ten to twenty years of imprisonment imposed after he entered an open guilty plea to aggravated assault.  We affirm.

The factual basis for Appellant's guilty plea was as follows.  On the afternoon of May 20, 2017, teenager Alberto Justiniano brought an ATV to Allentown in the back of his truck.  While driving around the streets of the city, Mr. Justiniano was spotted by Appellant, who was eighteen years old at the time.  There is a history of bad blood between the families of Appellant and Mr. Justiniano, apparently related to the younger sister of the latter having a child with Appellant's brother.  Appellant ran towards Mr. Justiniano while clasping the firearm tucked into his waistband.  Appellant approached Mr. Justiniano at his truck, they exchanged words, Appellant drew the firearm and fired multiple shots at Mr. Justiniano at close range, and Appellant fled.

Police responded and took Mr. Justiniano to the hospital, where he was treated for a wound to his forearm. Mr. Justiniano had lasting issues with his hand, which affected his ability to perform his work painting cars. *See* N.T. Guilty Plea, 1/17/18, at 7-12.

Appellant was charged with attempted homicide, two counts of aggravated assault (serious bodily injury and bodily injury, respectively), and one count of firearms not to be carried without a license. Appellant agreed to plead guilty to aggravated assault (serious bodily injury) in exchange for a dismissal of the remaining charges, with no agreement as to sentencing. The trial court accepted the plea and scheduled sentencing for March 12, 2018.

At the sentencing hearing, the trial court viewed video footage of the incident and heard from Appellant and the mother of his girlfriend. Thus informed, as well as having the benefit of a presentence investigation report, the trial court sentenced Appellant to the statutory maximum of ten to twenty years of imprisonment. Appellant filed a timely post-sentence motion seeking modification of his sentence, which the trial court denied on March 23, 2018. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for this Court's consideration:

Whether the lower court abused its discretion in imposing a manifestly excessive and unreasonable sentence for the aggravated assault charge which is at the statutory maximum limit when the court failed to consider any significant mitigating factors, failed to apply and review any of the necessary factors as set forth in 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9781(c)

and (d) or otherwise failed to set forth appropriate reasons for its deviation from the standard sentencing ranges and sentenced [Appellant] based upon the court's perceived belief as to the seriousness of the crime and factors that were already considered in the calculation of the appropriate sentencing guidelines?

Appellant's brief at 7 (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of his sentence. As such, the following principles apply to our consideration of whether review of the merits of his claim is warranted.

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (citations omitted).

Appellant filed a motion for reconsideration of his sentence and a timely notice of appeal. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Appellant claims that a substantial question is presented by the facts that the trial court failed to set forth factually-supported reasons for sentencing him above the aggravated guidelines range, based its sentence

upon an improper factor, and ignored mitigating evidence. Appellant's brief at 10.

We conclude that Appellant has raised substantial questions, and hence proceed to address the merits of his arguments. *See*, *e.g.*, *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa.Super. 2010) ("Appellant's claim the trial court relied on an improper factor raises a substantial question permitting review."); *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005) (concluding substantial question raised by allegation that sentencing court imposed aggravated-range sentence without considering mitigating factors); *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa.Super. 2003) (holding substantial question was presented by allegation that trial court failed to state sufficient reasons for the sentence imposed).

The following principles apply to our substantive review of Appellant's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). Rather, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by

reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).  "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant.  In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation."  *Antidormi*, *supra* at 761 (citations and quotation marks omitted).

Appellant argues that the trial court did not attempt to balance the mitigating considerations against the seriousness of the offense in imposing a sentence beyond the aggravated range of the guidelines.  Appellant's brief at 15.  Appellant contends that the trial court improperly concentrated on its belief that the shooting appeared to be an attempted homicide, and "the possibility that there were other individuals, perhaps children[,] nearby who could have been struck by a bullet[,]" yet "failed to consider that [Appellant] may have reasonably acted in the belief that the victim was reaching into the cab of the pickup truck to obtain a gun to use against him."  *Id*.  Appellant further complains that the trial court determined that Appellant posed an

"extreme danger to others even though [his] past history had only limited incidences of any violence or public danger." *Id*. at 16.

From our review of the sentencing hearing transcript, we discern no abuse of the trial court's discretion. First, the trial court reviewed Appellant's presentence investigation report, and thus is presumed to have properly considered and weighed all relevant sentencing factors. *See*, *e.g.*, *Commonwealth v. Kitchen*, 162 A.3d 1140, 1147 (Pa.Super. 2017). The court's weighing of the mitigating evidence Appellant presented is further borne out by the record. The court entertained the testimony of Rose Allen, the mother of Appellant's girlfriend, that Appellant's family was "completely shattered" when his mother had died before Appellant was a teenager, that he knew that he needed to change, and that, since he had moved into her home, he had started to change under her guidance. N.T. Sentencing, 3/12/18, at 6-8. However, the trial court rejected her testimony on the basis that she had only known Appellant for one year, that Appellant had been involved in criminal activity since 2010 (including another aggravated assault in 2014), and that Appellant clearly had not changed, given that he admitted to the presentence investigator that he was still an active gang member in prison. *Id*. at 7-8, 17.

The court also listened to Appellant's contentions that Mr. Justiniano was known to carry a gun, that he had threatened Appellant's father, and that Appellant only fired his weapon because he believed Mr. Justiniano was

reaching into the truck for his own firearm. *Id*. at 11-12. The trial court did not find this supported by the video of the incident, which it described as follows: "This guy on the video stood in the center of the street with kids freaking running everywhere, aimed that gun just like this and pulled off three shots." *Id*. at 10. Thus, the trial court did not decline to consider Appellant's mitigating factors; rather, it determined that they were entitled to little or no weight under the circumstances. This Court "cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Macias*, *supra* at 778.

Nor did the trial court fail to place on the record its reasons for imposing the statutory maximum sentence, which was above the aggravated range of ninety-six months of incarceration. The court offered the following explanation for its decision:

> So [Appellant], whatever the background, whatever you thought and were wrong about, it was broad daylight. There were little children running everywhere right near the Boys and Girls Club, and, you know, just pulled out a gun and started shooting. Just imagine how you'd feel if one those bad shots that you made hit a kid and killed them. So this, except for your bad aim, would have ended your life as well with a life sentence likely.
>
> So your benefit is they allowed you to plead guilty to the aggravated assault. I'm not willing to do anything more for you than that. And sometimes the statutory max is there for a reason. You fired three shots, not one, and that, to me, is an intent to kill, but I will accept your plea bargain as an open plea to the aggravated assault . . . . This case is beyond the aggravated range for the following reasons:
>
> [Appellant] is an extreme danger to the community, also a danger to other children in the area, [Appellant's] prior record

- 7 -

includes a prior assault, an aggravated assault. [Appellant] took multiple shots at the victim with a handgun, and his actions rise to the level of attempted homicide.

N.T. Sentencing, 3/12/18, at 19-20 (unnecessary capitalization omitted).

It is clear that the trial court did not improperly punish Appellant for charges that had been dismissed in addition to the aggravated assault to which he had pled guilty, but rather properly considered the extremely dangerous circumstances of the aggravated assault in determining that the most severe penalty allowable for that crime was warranted. *Compare Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa.Super. 2005) (remanding for resentencing where trial court indicated it was imposing aggravated-range sentence for statutory sexual assault because two counts of involuntary deviate sexual intercourse and another count of sexual assault had been *nolle prossed* as part of the plea agreement), *with Commonwealth v. Miller*, 965 A.2d 276, 280 (Pa.Super. 2009) (finding no abuse of discretion for court to consider risk posed to firefighters and police by fire in murder victim's house when sentencing on guilty plea to third-degree murder although arson charge had been *nolle prossed* as part of the plea agreement).

Thus, the record establishes that trial court took into accont the relevant factors and explained the reasons for its sentence. Appellant had been leading a life of crime since he was a young boy and previous attempts at rehabilitation had obviously been unsuccessful, given his escalating violence and adherence to his gang affiliation while in prison awaiting sentencing. The particular

circumstances of this aggravated assault showed not only the intent to kill Mr. Justiniano, but an indifference to the risk of death or serious injury posed to others in the city street in the middle of the afternoon. Accordingly, the trial court acted within its discretion in sentencing Appellant to the statutory maximum for aggravated assault. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/19