2017 PA Super 147

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KIMBERLY M. KITCHEN, | : | |
| | : | |
| Appellant | : | No. 1371 MDA 2016 |

Appeal from the Judgment of Sentence July 19, 2016
in the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000274-2015

BEFORE: GANTMAN, P.J., SHOGAN, and STRASSBURGER*, JJ

OPINION BY STRASSBURGER, J.:                    **FILED MAY 16, 2017**

Kimberly M. Kitchen (Appellant) appeals from the judgment of sentence entered on July 19, 2016, following her convictions for unauthorized practice of law, forgery, and tampering with public records or information. We affirm.

On March 26, 2015, Appellant was charged with the aforementioned offenses.

> The affidavit of probable cause indicat[es] that [Appellant], from February 2005 through December 2014, held herself out as a lawyer and practiced law in Pennsylvania when in fact she was not a lawyer. [At the time of her arrest, Appellant had been elevated to partner at BMZ Law, a firm in Huntingdon County. Prior to becoming partner, she had served as president of the Huntingdon County Bar Association.] The forgery charges relate[s] to documents that [Appellant] purportedly fabricated during the time period of December 19-23, 20[1]4, including an attorney license for 2014, a list from the Pennsylvania Board of Law Examiners showing bar examination results, an email verifying she had attended Duquesne University and a check evidencing payment of her attorney registration fee. The

---

* Retired Senior Judge assigned to the Superior Court.

tampering with public records charge relates to allegations that from October 2006 through December 2014 [Appellant] knowingly filed documents with the Huntingdon County register of wills and prothonotary offices falsely representing that she was an attorney.

Trial Court Opinion, 11/8/2016, at 1 (unnecessary capitalization omitted).

On March 24, 2016, following a non-jury trial, Appellant was found guilty of all three offenses. A pre-sentence investigation was ordered and Appellant was placed on supervised release pending her sentencing. However, on April 20, 2016, the court ordered Appellant taken into custody and transported to the State Correctional Institution for Women at Muncy for a psychiatric examination. Counsel filed with this Court an emergency petition for review of the trial court's order, which was denied by order dated April 28, 2016. Order, 4/28/2016.

On July 19, 2016, Appellant was sentenced to a term of incarceration of two years plus one day to five years for the tampering with public records conviction, a concurrent one-to-two-year term of incarceration for the offense of forgery, and a year of concurrent probation for the unlawful practice of law conviction. Appellant was also ordered to pay fines and costs at each count. Appellant's motion to modify sentence was denied on August 2, 2016. This timely-filed appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant (1) challenges the sufficiency of the evidence presented to increase the grading of the offense of tampering with public

records or information from a misdemeanor to a felony and (2) asks this Court to consider whether the trial court abused its discretion in sentencing Appellant with respect to that offense. Appellant's Brief at 6.

With respect to Appellant's first argument, it is well-settled that,

> our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> … Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Tukhi*, 149 A.3d 881, 886–87 (Pa. Super. 2016) (internal citations omitted). Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all, part or none of the evidence. *Commonwealth v. Scott*, 146 A.3d 775, 777 (Pa. Super. 2016).

Relevant to the instant case, a person commits the crime of tampering with public records or information if he or she "knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required

by law to be kept by others for information of the government[.]" 18 Pa.C.S. § 4911(a)(1). The statute provides that "[a]n offense under this section is a misdemeanor of the second degree **unless the intent of the actor is to defraud or injure anyone**, in which case the offense is a felony of the third degree." 18 Pa.C.S. § 4911(b) (emphasis added).

Appellant concedes that the Commonwealth presented evidence sufficient to prove that she knowingly falsified documentation in order to mislead others into believing she had been admitted to the bar. Appellant's Brief at 32-40. Further, Appellant admits that from 2005 to 2014 she actively practiced law and signed her name to legal documents knowing she was not licensed to do so. *Id.* However, Appellant contends that the evidence of false entry alone does not prove the intent to defraud necessary to increase the grade of this charge to a felony of the third degree. *Id.* at 36-40. Rather, Appellant suggests that the intent to defraud requires the presence of a pecuniary element and argues that, because she merely "made false entry regarding her status as a lawyer," but was honest with her clients' money, the Commonwealth failed to sustain its burden. *Id.* at 40 (emphasis in original). Additionally, Appellant argues that the clients of BMZ Law "did not suffer loss" due to her actions and any harm caused to the firm was remediated. *Id.* at 39.

The trial court addressed Appellant's arguments as follows.

… The essence of [Appellant's] argument is that if the legal work done by [Appellant] was basically done appropriately and the

Commonwealth failed to offer the testimony of any complaining clients, then none of the clients [was] defrauded and, as such, [Appellant] did not possess the intent to defraud anyone. As previously noted, [Appellant] did offer three witnesses at [the] time of trial who each testified that [he or she was] quite satisfied with the legal work which had been done for [him or her] by [Appellant].

The intent to defraud constitutes an element of the offense and as previously noted the prosecution must prove it as such before the trier of fact; any fact that increases the penalties of crime beyond prescribed statutory maximum must be submitted to the jury (finder of fact) and proved beyond a reasonable doubt. ***Apprendi v. New Jersey***, 120 S.Ct. 2348 (2000). So then, what does it mean to defraud? Black's Law Dictionary, 7th Edition defines fraud as follows: "A knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment," and "A misrepresentation made recklessly without belief in its truth to induce another person to act."

"[F]raud consists of anything calculated to deceive, whether by single act or combination, or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth or look or gesture. That is, there must be a deliberate intent to deceive. Finally, the concealment of a material fact can amount to a culpable representation no less than does an intentional false statement." ***Rohm and Haas Co. v. Conti CAS. Co***., 781 A.2d 1172, 1179 (Pa. 2001). (internal citations omitted). The essence of fraud is deceit intentionally and successfully practiced to induce another to part with property or with some legal right. Fraud is practiced when deception of another to his damage is brought about by a misrepresentation of fact or by silence when good faith required expression. ***In Re McClellan's Estate***, 75 A.2d 595 (Pa. 1950).

In Pennsylvania, in order to maintain a civil cause of action for fraud, a plaintiff must allege the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately

- 5 -

caused by the reliance. ***Bartz v. Noon***, 729 A.2d 555, 560 (Pa. 1999).

> The problem with [Appellant's] argument is that the law does not permit anyone to practice law without a license. To do so is a violation of a criminal statute, 42 Pa.C.S. § 2524(a). Therefore, it should not be assumed by this court, or any other court, that to practice law without a license is not a big deal. [Appellant's] clients, and the BMZ law firm, were, without question, defrauded. [Appellant] held herself out as a practicing attorney, associated with a well-known law firm in Huntingdon County. She used the word "esquire" after her name and used another lawyer's attorney identification number claiming that it was hers. It is reasonable to infer that the clients of BMZ law would not have consented to have her as their attorney if they had known that she possessed no education beyond [community college] and had not passed the Pennsylvania bar exam. It is reasonable to infer that the clients would not have paid the sums that they did for the administration of the estates in question and other legal work if they had not believed that in exchange, they would receive the legal knowledge which comes with graduation from law school and passing the bar examination. Since the clients were in fact defrauded, it is reasonable to infer that [Appellant] intended to defraud them. If she had not intended to defraud the clients, she would have honestly disclosed to them and to BMZ Law that she in fact had not graduated from law school, and had not in fact passed the bar exam. Her intent to defraud is shown by her many years of misrepresentation and deceit on these subjects.

Trial Court Opinion, 11/8/2016, at 11-13 (unnecessary capitalization omitted).

Based on the foregoing, we conclude that the totality of the evidence presented by the Commonwealth was sufficient to establish that Appellant undertook her decade-long deception with the intent to defraud. As the Commonwealth points out, Appellant's argument that she was "a good fake lawyer" does not negate her intent. Commonwealth's Brief at 17. The record

shows that Appellant benefitted personally and economically from the fraud she perpetrated, regardless of whether she handled properly those funds entrusted to her. *See* N.T., 3/23-24/2016, at 34-35. As members of BMZ Law testified, the firm spent a substantial amount of time, effort, and money remedying the situation once it was brought to light. *See* N.T., 3/23-24/2016, at 85-90. As a result, the firm also lost business and suffered a loss of reputation. *Id.* at 89-90. Additionally, despite Appellant's assertions to the contrary, Appellant's Brief at 38-39, those clients affected by Appellant's deception suffered a tangible loss: the breach of the trust central to relationship between attorney and client. The role of an attorney is not merely transactional and Appellant's attempt to argue as such demonstrates an ignorance of the nuances of the profession.

Thus, evidence shows that Appellant's actions were knowingly and intentionally calculated to defraud, and not done out of some altruistic, yet misguided, desire to provide competent representation to the clients of BMZ Law or leadership to the Huntingdon County Bar Association. Accordingly, we discern no error in the trial court's finding and hold that the charge of tampering with public records or information was properly graded as a felony of the third degree.

We turn now to Appellant's second claim of error: that the trial court abused its discretion in imposing a sentence outside the guideline range.

Appellant's Brief at 41-50. We consider this question mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> * * *

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence, and her brief contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether there is a substantial question that Appellant's sentence is inappropriate.

In her Pa.R.A.P. 2119(f) statement, Appellant claims that her sentence "exceeds the aggravated range of the sentencing guidelines and overstates the severity of the crime, resulting in a manifestly excessive sentence." Appellant's Brief at 30. Appellant's sentence for each offense exceeded the aggravated range of her sentencing guidelines. Trial Court Opinion, 11/8/2016, at 13-14. "Under 42 Pa.C.S.[] § 9781(c)(3), a claim that the sentencing court sentenced outside the sentencing guidelines, … presents such a substantial question." ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa. Super. 2004) (citation and quotation marks omitted). Thus, we conclude that Appellant has presented a substantial question for our review, and proceed to evaluate Appellant's sentencing argument on its merits.

> In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence.
>
> The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence

- 9 -

which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

When evaluating a challenge to the discretionary aspects of sentence ... it is important to remember that the sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not un* reasonable [(*sic*)], we must affirm a sentence that falls outside those guidelines.

A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

***Commonwealth v. Shull***, 148 A.3d 820, 835–36 (Pa. Super. 2016) (citations and quotation marks omitted; emphasis in original).

We note that the trial court herein reviewed the presentence investigation report, and, thus, "we presume that the court properly considered and weighed all relevant factors in fashioning [Appellant's] sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013). Further, the record reveals that the trial court was cognizant of the sentence it was imposing. At sentencing, the trial court set forth eight reasons for imposing a sentence above the aggravated guideline range.

1. The scope and extent of [Appellant's] ten[-]year deception and misrepresentation of herself as an attorney and law school graduate.

2. The systematic and all-encompassing nature of the deception which involved multiple individuals from the legal and nonlegal community on a daily workday basis.

3. The extreme negative effect of her deception on the BMZ law firm as to the law firm's business, reputation for professionalism and integrity, client base and costs and in terms of time and money spent on the remunerative efforts.

4. [Appellant's] disregard of the risk of substantial financial loss to the BMZ law firm as if she committed actionable malpractice[;] there is no doubt that the firm's malpractice insurance company would not have provided coverage for acts performed by a nonlawyer.

5. The negative effect on the reputation in general on members of the Huntingdon County Bar Association as a whole.

6. The fact that the filing of only one count of each of the three charges does not in any way accurately reflect the scope and extent of [Appellant's] criminal deception and conduct.

7. A lesser sentence would depreciate the seriousness of the crimes, and

8. The sentence imposed is in the interests of justice due to the circumstances of this case.

N.T., 7/19/2016, at 48-50.

Appellant first contends the trial court "appears to have been guided by its own sense of injury with regard to the fraud" and argues that the sentence imposed was the product of the "irreconcilable conflict" and "unsound reasoning" of a judge who felt personally aggrieved by Appellant's actions. Appellant's Brief at 44-45. We disagree. To the contrary, the

record evidences that the trial court considered the appropriate sentencing factors and did not act out of bias or ill-will toward Appellant. Indeed, if, as Appellant suggests, being a member of the legal profession disqualifies the court from sentencing Appellant, there would, arguably, be no one available to do the job.

Appellant next argues that the court abused its discretion when it "explicitly sentenced [Appellant] as if the prosecution had charged, tried and convicted her for multiple counts of fraud, rather than the singular [(*sic*)] count charged, tried and convicted. Through its actions, the court usurped prosecutorial discretion, one of the key features of fairness in our judicial system." Appellant's Brief at 46. However, it is well-settled that "[w]hen imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). Consistent with this mandate, the disparity between the number of crimes charged and the extent and nature of Appellant's deception was but one factor the court evaluated in imposing sentence. We discern no abuse of discretion in the court's acknowledgment that, although charged as a single offense, Appellant's conduct was ongoing and pervasive.

For the foregoing reasons, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or

arrived at a manifestly unreasonable decision." ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013)). Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017