J-A09034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMMANUEL HERNANDEZ, | : | |
| | : | |
| Appellant | : | No. 750 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 3, 2019
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010638-2018

BEFORE:   SHOGAN J., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:            **FILED JUNE 09, 2020**

Emmanuel Hernandez (Appellant) appeals from the judgment of sentence entered on April 3, 2019, after he was found guilty of simple assault.  We affirm.

The conviction in this matter stems from an incident that occurred on the morning of August 16, 2018, when Appellant physically assaulted his wife, Kimberly Morrissey (Victim), who is legally blind, at their home. Appellant and Victim offered different versions of the events at a non-jury trial on April 3, 2019.

According to Victim, at approximately 9:00 a.m., she was sitting alone on the front porch talking to her friend on the phone.  Appellant, who was

_____

[*] Retired Senior Judge assigned to the Superior Court.

drunk "from drinking all night long[,]" suddenly came out of the front door and loudly called her "a stupid fucking bitch." N.T., 4/3/2019, at 17, 52. Victim pushed Appellant into the home and attempted to close the front door to get him away from her because she was "so embarrassed." *Id.* at 52-53, 56. Simultaneously, Victim pulled and unintentionally broke the headphones Appellant was wearing on his ears. In response, Appellant struck Victim in the middle of her forehead with an object that she believed was a piece of Appellant's broken headphones. Due to the blow, Victim sustained a three-centimeter laceration on her head. Victim ended the call with her friend and immediately called the police.

Officer Matt Schwartzmiller of the City of Pittsburgh Police Department provided testimony about his response to the call. Upon his arrival at the home, Officer Schwartzmiller observed Victim sitting on the front porch and Appellant kneeling next to her apologizing. Officer Schwartzmiller detained Appellant after noticing fresh blood coming from a welt on Victim's forehead. Thereafter, Appellant said repeatedly "I'm guilty" to Officer Schwartzmiller. *Id.* at 61.

Paramedics transported Victim to UPMC Mercy Hospital to provide Victim medical attention for her injuries. Victim's laceration was treated with five dissolvable sutures. The medical professional noted gaping when pressure was applied to the laceration. At the time of the trial, a "slight line"

remained on Victim's forehead and the injury may leave a permanent scar. *Id.* at 55.

Conversely, Appellant assailed Victim and Officer Schwartzmiller's testimony, contending that Victim pushed Appellant several times and intentionally cut herself with his headphones after she pulled them off of his ears. In support of this contention, Appellant asserted that Victim "suffers from emotional problems" and this incident is "not the first time she trie[d] to harm herself." *Id.* at 66-67. Further, Appellant argued that he never said he was guilty and was not apologizing to his wife, but rather was pleading with her to stop with the call to police because he would be blamed. Lastly, Appellant asserted that Victim cut him with the headphones, and he attempted to make a report at the scene with an officer different from Officer Schwartzmiller and the responding paramedics, but was ignored. *Id.* at 68, 72. Appellant did not present any evidence to substantiate this claim.

Following the non-jury trial, Appellant was found guilty of simple assault. He was sentenced on the same day to two years of probation, and ordered to have no contact with Victim, complete a batterer's intervention program, and pay all applicable fees and court costs.

Appellant timely filed a post-sentence motion, which was denied. This timely-filed appeal followed.[1] On appeal, Appellant challenges the weight of the evidence to sustain his simple assault conviction. Appellant's Brief at 4.

We use the following standard to assess whether a trial court abused its discretion in denying a challenge to the weight of the evidence.

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

***Commonwealth v. Izurieta***, 171 A.3d 803, 809 (Pa. Super. 2017) (citation omitted). Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).

To support his challenge, Appellant essentially posits that his testimony is more credible than that of the Commonwealth's witnesses. Appellant's Brief at 9-12. First, Appellant argues that Victim's testimony is

---

[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

not credible based on her physical and mental state. *Id.* at 10-11. Specifically, Appellant argues that Victim's testimony is "unreliable" because she is legally blind and therefore could not definitively identify the object that hit her in the face at trial. *Id.* at 11. He also emphasizes her "Alzheimer's/dementia diagnosis," and claims she "has suffered from recurrent major depression." *Id.* Next, Appellant attempts to negate Officer Schwartzmiller's testimony of the events by arguing that Appellant testified more credibly to the events in the opposite. *Id.*

> The trial court rejected Appellant's weight claim, offering the following.
>
> [T]his court, who sat as the fact-finder in this case, did not find [Appellant's] self-serving testimony to be credible. His testimony was inconsistent with, and unsupported by, other credible evidence in the record. [Appellant's] challenge to the weight of the evidence is, at its core, an invitation for the appellate court to reweigh the evidence and second-guess the credibility determinations made by the court in this case.

Trial Court Opinion, 8/30/2019, at 11.

In reviewing Appellant's post-sentence motion challenging the weight of the evidence, the trial court found that "[t]here were no facts in this case that were 'so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' To the contrary, [the trial court found that] the weight of the evidence was squarely against [Appellant.]" *Id.* at 12 (citations omitted). We agree with the trial court's assessment. "Credibility of witnesses and the weight of the evidence produced is within the province of the trier of fact, who is free to believe all,

part, or none of the evidence." ***Commonwealth v. Kitchen***, 162 A.3d 1140, 1144 (Pa. Super. 2017). The trial court heard the evidence first-hand during the non-jury trial, determined Victim and Officer Schwartzmiller were more credible than Appellant, and entered a verdict reflecting this credibility determination. Assessing all of the evidence according to the governing principles cited above, we conclude that the trial court did not abuse its discretion when it denied Appellant's weight claim, and therefore Appellant is not entitled to relief. ***See Commonwealth v. Widmer***, 744 A.2d 745, 753 ("Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination[.]").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2020