J-S21005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYHEEM MELTON | : | |
| | : | |
| Appellant | : | No. 186 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006840-2015

BEFORE: BOWES, J., OLSON, J., and COLINS, J.*

MEMORANDUM BY BOWES, J.: **FILED JULY 14, 2021**

Tyheem Melton appeals *nunc pro tunc* from his judgment of sentence of twenty-five to fifty years of imprisonment. We affirm.

In 2012, Appellant, who was prohibited from possessing a firearm based upon a prior conviction, brandished a semiautomatic weapon and fired multiple shots at a rival drug dealer at a bar where the two both engaged in their trade. The rival was killed, as was an innocent bystander. Appellant absconded and evaded arrest for two years until he was detained in Tennessee in 2014.

Upon return to Philadelphia, Appellant negotiated an agreement pursuant to which he entered *nolo contendere* pleas to two counts of third-

---

* Retired Senior Judge assigned to the Superior Court.

degree murder and possession of a firearm prohibited in exchange for the dismissal of the remaining charges and an aggregate sentence no lower than twenty to forty years, but with the Commonwealth's abstention from invoking the statute requiring a sentence of life imprisonment without possibility of parole for the second murder conviction. *See Commonwealth v. Thompson*, 106 A.3d 742, 761 (Pa.Super. 2014) (holding sentence of life without parole for second conviction of third-degree murder is mandated by 42 Pa.C.S. § 9715 even when both convictions arose in the same case from the same incident). The trial court accepted the plea and on November 23, 2016, imposed two concurrent terms of twenty to forty years for the murder convictions and a consecutive five to ten years for the firearms conviction. Appellant filed no post-sentence motion or direct appeal.

Through a timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), Appellant obtained the reinstatement of his direct appeal rights, but not his right to file post-sentence motions. On appeal from that order, this Court remanded the case "to the trial court to reinstate Appellant's post-sentence **and** direct appeal rights *nunc pro tunc* to provide Appellant with an opportunity to litigate in post-sentence motions those issues requiring preservation in the trial court." *Commonwealth v. Melton*, 240 A.3d 116 (Pa.Super. 2020) (non-precedential decision at 10) (emphasis in original).

Back in the trial court, Appellant filed a post-sentence motion seeking the withdrawal of his plea or reconsideration of his sentence. He ultimately

abandoned the first claim, and the trial court denied the second. Appellant then filed the instant appeal and complied with the trial court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). This Court, observing that the trial court had never entered the order reinstating Appellant's post-sentence and direct appeal *nunc pro tunc*, directed it to do so and provide a copy to this Court. The trial court complied, the parties have filed their briefs, and the appeal is ripe for adjudication.

Appellant presents one question for our review:

Whether the Court erred when it denied the Appellant's post sentence motion for reconsideration of sentence when the sentencing court had some discretion as to the length of the sentence and where there was a substantial question as to the sentence because it was unduly harsh and excessive under the circumstances and contrary to the norms underlying the Sentencing Code?

Appellant's brief at 6 (unnecessary capitalization omitted).

Appellant seeks to challenge the discretionary aspects of his sentence. The following legal principles govern our consideration of his claim:

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

- 3 -

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (internal quotation marks omitted).

Appellant filed a timely notice of appeal and preserved the issue in his *nunc pro tunc* post-sentence motion seeking reconsideration of his sentence. Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). Thus, we consider whether Appellant has raised a substantial question.

Appellant avers that the aggregate sentence is unreasonable and excessive in light of the conduct at issue, and that the trial court "did not utilize and give due weight to the factors set forth in the Sentencing Code." *See* Appellant's brief at 8. We conclude that Appellant has raised substantial questions. *See*, *e.g.*, *Commonwealth v. White*, 193 A.3d 977, 983 (Pa.Super. 2018) (noting "that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). Therefore, we proceed to consider the merits of his claim.

It is well established that, "[w]hen reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the

sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Accordingly, we review the sentence for an abuse of the trial court's discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

While its discretion is broad, "the trial court's discretion is not unfettered." ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa.Super. 2011). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and quotation marks omitted). "And, of course, the court must consider the sentencing guidelines." ***Coulverson***, ***supra*** at 144 (cleaned up). The sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Appellant acknowledges that the trial court's sentence did not violate the law or the plea agreement. His argument is that the trial court's imposition of a sentence beyond the minimum allowed by the plea agreement was an

abuse of discretion given Appellant's "mental health and intellectual deficits," his acceptance of responsibility, and his rehabilitative needs. Appellant's brief at 22.

The trial court addressed Appellant's sentencing challenge as follows:

> Here, in fashioning an appropriate sentence, the court explicitly considered everything presented during the course of the case, including the sentencing guidelines, [Appellant]'s psychosocial history report and neuropsychology report, sentencing memoranda from both sides, and the accompanying exhibits provided by the defense. The court also considered the statements from the victims' families, the mitigating statements on behalf of [Appellant], and [Appellant]'s own statement. The court took into account the acceptance of responsibility shown by [Appellant] through his nolo contendere plea. The court explicitly considered the required statutory sentencing factors, including [Appellant]'s rehabilitative needs. In addition, the court delineated and weighed both the mitigating and aggravating factors in the case.

> Under the negotiated plea agreement, the Commonwealth and [Appellant] agreed to a minimum sentence of 20 to 40 years incarceration. In addition, the Commonwealth agreed not to seek the mandatory minimum sentence of life in prison without parole, which otherwise would have applied as a result of [Appellant]'s plea to two counts of third degree murder. [Appellant]'s maximum exposure under the agreement[, which is what the Commonwealth requested,] was 45-90 years incarceration, for two counts of third degree murder (20 to 40 years each) and one count of possession of a firearm by a prohibited person (5 to 10 years).

> The court's aggregate sentence was 25 to 50 years incarceration, only 5 to 10 years higher than the minimum agreed upon sentence, and 20 to 40 years less than the maximum. Both the court's sentences for third degree murder (20 to 40 years) and firearm possession (5 to 10 years) were within the standard range of the Sentencing Guidelines. The court allowed the 20 to 40 year sentences for third degree murder to run concurrently, and only imposed a consecutive sentence of 5 to 10 years for possession of a firearm by a prohibited person.

The sentences imposed by the court were manifestly reasonable. Moreover, the magnitude of [Appellant]'s criminal behavior established by the record demonstrates that the court was well within its discretion in running the firearms sentence consecutive to the murder sentences in this case. [Appellant], who had a history of violence and was prohibited from owning a firearm, brought his gun to a crowded bar to confront a drug rival. [Appellant] killed two people, one of whom was unquestionably an innocent bystander. [Appellant] then fled Philadelphia and evaded arrest for over two years until he was found in Tennessee after being stopped for a traffic violation. [Appellant] is extraordinarily fortunate not to be serving sentence of life in prison without parole for this conduct.

Given the level of criminal conduct demonstrated by the evidence, the aggregate sentence imposed by the Court was fully justified and fair to [Appellant]. Because there is no basis to [Appellant]'s claim that the sentence was unduly harsh or excessive under the circumstances, it should not be disturbed.

Trial Court Opinion, 2/12/21, at 4-6 (citations, footnotes, and unnecessary capitalization omitted).

We agree. Our review of the record belies Appellant's claims that his sentence is excessive and entered without consideration of mitigating factors. First, because the court considered a presentence investigation report, we presume that it properly considered and weighed all relevant sentencing factors. *See*, *e.g.*, *Commonwealth v. Kitchen*, 162 A.3d 1140, 1147 (Pa.Super. 2017). Furthermore, the trial court expressly acknowledged the mitigating factors on the record before imposing the sentence. *See* N.T. Plea and Sentencing, 11/23/2016, at 85-86 (reiterating mitigating factors). The trial court observed that the statutory maximum sentence for each of the crimes actually fell within the standard guideline sentencing range for

Appellant. In consideration of the guidelines as well as the mitigating evidence, the trial court concluded that the standard range sentences were warranted, but gave Appellant the benefit of concurrent sentences for the murder convictions.

While Appellant may have preferred to receive the minimum sentence available pursuant to the plea agreement, he has failed to convince us that the equally-permissible, standard-range sentence he did receive came about because "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Antidormi**, **supra** at 760. Appellant has not established that the sentencing court abused its discretion, and no relief is due.

Judgment of sentence affirmed.


*Judgment Entered.*

_____
Joseph D. Seletyn, Esq.
Prothonotary


*Date: 7/14/2021*