J-A16030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN ROBERT WALTERS | : | |
| | : | |
| Appellant | : | No. 109 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 7, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000481-2016

BEFORE:    KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED:  AUGUST 12, 2021**

Stephen Robert Walters (Appellant) appeals from the judgment of sentence entered in the Huntington County Court of Common Pleas, following the revocation of his probation for a conviction of retail theft.[1] Appellant challenges the discretionary aspects of his sentencing, arguing the sentence is outside the sentencing guidelines and disproportionate to the offense.  We affirm.

The underlying facts leading to this appeal are summarized as follows. In the case *sub judice*, Appellant was arrested in July 2016 in Huntingdon County for selling two kinds of bare copper wire, which he allegedly stole from

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

Ace Hardware and other local retailers. *See* Police Criminal Complaint, 8/2/16, at 2 (unpaginated) & Affidavit of Probable Cause. On May 1, 2017, Appellant pleaded nolo contendere to one count of retail theft. On July 20th, the trial court, which had a pre-sentence investigation report (PSI) sentenced Appellant to four years' probation, and ordered him to pay $168.28 restitution.

On February 29, 2020, while Appellant was on probation, he was arrested in Mifflin County for driving under the influence of a controlled substance[2] and related offenses. Appellant pleaded guilty to driving under the influence of a controlled substance, possession of a controlled substance, and driving while operating privilege is suspended.[3]

Based upon these pleas, on July 28, 2020, Appellant admitted to violating the terms of his probation in the instant retail theft case. On the same day, the trial court revoked Appellant's probation and, as Appellant waived a renewed PSI, the case proceeded immediately to sentencing. N.T., Sentencing, 7/28/20, at 2. Under the sentencing guidelines, the standard range was nine to 16 months. *Id.* Appellant argued he had drug addiction issues but had "never been to rehab," he had family issues, including the loss of a child, and requested drug treatment. *Id.* at 4, 7-8. The court sentenced him to 3½ to 7 years' incarceration, which was above the sentencing

_____

[2] 75 Pa.C.S. § 3802(d)(1)(ii).

[3] 35 P.S. § 780-113(a)(16); 75 Pa.C.S. § 1543(a).

guidelines. ***Id.*** at 12. The court noted its reasons for going above the sentencing guidelines:

> You have a prior record score of five but prior record scores don't go high enough for you. You have 12 retail conviction between various Magistrates and Courts of Common Pleas. You have been convicted of crimes in Huntingdon County, Franklin County, Centre County, Cumberland County, and Mifflin County. The tools have been given to you. You are a danger not only to yourself but a danger to the public and the thing that's so bad, [Appellant], is that a lot of people come to me and make the argument I've seen the error of my ways and I need treatment and a lot of times that's very legitimate. In your case it's not legitimate because you've said it before and you've been given every opportunity over and over by all these Probation Departments and you say the same thing every time over and over and over.

***Id.*** at 11. Finally, the court held that Appellant was not eligible for the Recidivism Risk Reduction Incentive[4] program (RRRI) program. ***Id.*** at 13.

On July 31, 2020, Appellant filed a post-sentence motion, requesting RRRI eligibility and reconsideration of his sentence. The trial court granted reconsideration and conducted a resentencing hearing on January 7, 2021. The court reduced Appellant's minimum sentence by 14 months, to 28 months' incarceration, which was still above the sentencing guidelines, and imposed the same maximum sentence of 7 years. The court also found Appellant was RRRI eligible, and "will make him eligible, if the Department of Corrections agrees, that he would be eligible for the Drug Treatment Program." N.T.

---

[4] ***See*** 61 Pa.C.S. §§ 4501-4512.

Resentencing, 1/7/21, 11. In imposing the sentence, the court denied Appellant's claim of bias, stating it did not know anything about Appellant aside from what the court had researched for sentencing. *Id.* at 9. In addition, the trial court stated:

> So it's certainly the sentencing judge's prerogative to sentence outside the Sentencing Guidelines based on factors that are important. And as I said to [Appellant] the first time I sentenced him, it is my job to consider the protection of the public, the gravity of the offenses as they relate to the impact on the lives of the victims and the community. I have to consider your rehabilitative needs[,] the pre-sentence investigation[, and] the Sentencing Guidelines.
>
> The Sentencing Guidelines are instructive. And the reason I well exceeded the Sentencing Guidelines I placed on page 11 of the [July 28, 2020,] sentencing transcript. And I said prior record scores don't go high enough. Not that a retail theft conviction from various magistrates goes into the sentencing guidelines, but that's something that I can consider.
>
> Twelve retail theft convictions that don't even count in your prior record score. Being convicted of crimes in Huntingdon County, Franklin County, Centre County, Cumberland County, Mifflin County. And I indicated you're a danger not only to yourself, but a danger to the public.
>
> Certainly I need to consider the tragedy in your life . . . . But . . . there comes a time when you need to accept the fact that you're no longer a victim here. . . . [W]hen you add the run-ins you have had with the court system over all of these years, I think it's very clear that I need to sentence above the Sentencing Guidelines.

*Id.* at 9-10.

Appellant filed a timely notice of appeal on January 19, 2021. On appeal, Appellant presents the following issue for our review:

- 4 -

1. Whether the sentence imposed of 28 months to 7 years[`] incarceration after the revocation of probation is manifestly excessive when the standard range is 9-16 months?

Appellant's Brief at 5.

Appellant avers "the sentence imposed by the trial court is unreasonably excessive and disproportionate to the crime charged." Appellant's Brief at 15. Appellant maintains the excessive sentence is a result of bias and ill will the trial court has toward Appellant. *Id.* at 17. In support, Appellant states:

The only explanation can be that the trial judge, despite his assertion to the contrary, does know who [Appellant] is and knows that he has two "MOs, [Appellant] when you get arrested [sic]. You want to go to a rehab or you want to work for the Commonwealth. It's one of the two every time." [*See* [N.T. Sentencing, 7/28/20, at 12]. The trial judge on one hand says "I have no idea of anything about [Appellant," *see id.* at 24,] and just a few moments later say "I know [Appellant] very well[." *See id.*]. . . .

*Id.* at 29. Appellant admits the trial court provided a "lengthy" explanation for the departure from the sentencing guidelines, and that the court was within its right to deny his request for out-patient treatment. *Id* at 25-26. However, Appellant avers the trial court failed to discuss the nature and circumstances of the underlying offense of retail theft, or "the nature of the violation of [his] probation[,] a first offense DUI." *Id.* at 25. Appellant argues the combination of his minor offenses and his prior record score supported a standard guideline-range sentence of 16 months' incarceration. *Id.* at 25-26. Finally, Appellant contends that by imposing a sentence of 28 months to 7 years, the trial court's "real error" was to "unilaterally decide[ ] that [he] cannot be

eligible for parole for an additional year past the contemplated guideline range." *Id.* at 26, 29. We conclude no relief is due.

Before this Court can address a discretionary challenge in sentencing, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (citation omitted). The comment to Pa.R.Crim.P. 702, which governs, *inter alia*, violations of probation, provides:

> Once a sentence has been modified or re-imposed pursuant to a motion to modify sentence . . . a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, as long as the issue was properly preserved at the time sentence was modified or re-imposed.

Pa.R.Crim.P. 702, *cmt.* *See also Commonwealth v. Presley*, 193 A.3d 436, 445 n.4 (Pa. Super. 2018) (pursuant to Pa.R.Crim.P. 702, *cmt*, defendant was not required to re-raise excessive sentence claim following re-sentencing, where he had raised the same claim previously in the post-sentence motion that prompted the resentencing), *appeal denied*, 201 A.3d 154 (Pa. 2019).

With respect to substantial questions, this Court has stated:

> [C]laims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions. [A] claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1254 (Pa. Super. 2006) (citations omitted). Additionally, "[u]nder 42 Pa.C.S.[ ] § 9781(c)(3), a claim that the sentencing court sentenced outside the sentencing guidelines, . . . presents such a substantial question." *Commonwealth v. Kitchen*, 162 A.3d 1140, 1149 (Pa. Super. 2017). *See* 42 Pa.C.S. § 9781(c)(3) ("The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds . . . the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.").

In the present case, Appellant filed a timely notice of appeal. While Appellant did not file a written motion to reconsider the instant amended sentence, he did request a standard range sentence in the July 31, 2020, post-sentence motion that resulted in resentencing. Thus, Appellant properly preserved this issue. *See* Pa.R.Crim.P. 702, *cmt*; *Caldwell*, 117 A.3d at 768. In addition, Appellant's brief includes the required Rule 2119(f) concise statement of reasons relied upon for appeal. *See* Appellant's Brief at 10-12. Finally, Appellant's claims — that the trial court sentenced him outside the sentencing guidelines and that the sentence was disproportionate to his crimes and unduly excessive — raise substantial questions invoking our

review. *See Kitchen*, 162 A.3d at 1149; *Malovich*, 903 A.2d at 1254.

Accordingly, we may address the merits of Appellant's issue.

We note the relevant standard of review for challenges of discretionary aspects of sentencing:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion . . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169–70 (Pa. Super. 2010) (citation omitted).

> In reviewing the record, an appellate court shall consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) the findings upon which the sentence was based.
>
> (4) the guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4). "Where the sentencing court had the benefit of a presentence investigation report (PSI), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those consideration along with mitigating statutory factors." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and quotations omitted).

Our review of an appeal from a sentence imposed following the revocation of probation is well-settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1286-87 (Pa. Super. 2012) (citations omitted).

Here, the trial court notes that it considered Appellant's PSI during his initial sentencing and resentencing following the revocation of his probation. Trial Ct. Op., 3/15/21, at 3. In addition, the court notes Appellant's "long history of low-level theft and drug offenses arising from his continued abuse of heroin and other opiates." *Id.* Appellant's prior history included 11 convictions for retail theft as well as convictions of possession with intent to distribute a controlled substance, possession of drug paraphernalia, accident

involving death or injury, and hindering apprehension, which arose in five different Pennsylvania counties. *Id.* at 3-4.

In discussing Appellant's Prior Record Score, the trial court maintains:

> [Appellant's] PRS is 5 because this as high as it may go, absent more serious felony offenses. If calculated without this limitation and including only convictions occurring prior to this case (*i.e.*, omitting [Appellant's] 2018 retail theft conviction and his recent conviction arising from the DUI offense), his PRS would be 11. Looking to the Amendment 3 version of the Sentencing Guidelines (September 25, 2015), which were in effect at the time of the offense in this case, § 303.5(d) states as follows:
>
>> Adequacy of the Prior Record Score. The court may consider at sentencing prior convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, in addition to other factors deemed appropriate by the court.
>
> It is therefore appropriate for a court to consider the full scope of a [Appellant's] conviction in determining the appropriate sentence. That is exactly what occurred here.

Trial Ct. Op. at 5.

The trial court finds the Appellant's "rehabilitative needs were outweighed by the need to protect the public and address the severity of [his] pattern of behavior . . .." Trial Ct. Op. at 6. The trial court

> concluded that a shorter minimum sentence of [28] months was appropriate, but with a continued maximum sentence of seven years so as to allow for appropriate monitoring after release, given [Appellant's] long history of drug abuse and drug-related criminal offenses. In addition to making [Appellant] RRRI eligible, the [trial court] also noted that, subject to the agreement of the Department of Corrections, it would make him eligible for the state drug treatment program. This strikes an appropriate balance between the pertinent sentencing factors.

*Id.* at 7.

- 10 -

Mindful that sentencing is a matter vested in the sound discretion of the trial court, and finding no showing of manifest abuse, we conclude the trial court did not abuse its discretion in rendering the current violation of probation sentence. **See Simmons**, 56 A.3d at 1286-87; **Moury**, 992 A.2d at 169–70. Here, the trial court considered Appellant's PSI during resentencing and noted, on the record, his long history of convictions. **See Griffin**, 65 A.3d at 937; Trial Ct. Op. at 6-7. The court considered the relevant factors in rendering Appellant's sentence. **See** 42 Pa.C.S. § 9781(d)(1)-(4). In addition, the record reflects that the court weighed Appellant's rehabilitative needs with that of the need to protect the public. **See** Trial Ct. Op. at 6. As such, we conclude the trial court was within its discretion to impose the instant sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/2021