J-S05023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY MALDONODO | : | |
| | : | |
| Appellant | : | No. 3227 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003453-2014

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 28, 2025**

Leroy Maldonodo (Appellant) appeals, *nunc pro tunc*, from the judgment of sentence imposed following his guilty pleas to one count each of robbery and possession of an instrument of crime (PIC).[1]  Appellant challenges the discretionary aspects of his sentence, asserting it is manifestly excessive and failed to account for his rehabilitative needs.  We affirm.

The facts underlying Appellant's convictions were established at his guilty plea hearing.  On November 16, 2013, Appellant approached two women, A.F. and S.R. (collectively, the victims), while they were walking on the 2800 block of Frankford Avenue in the City of Philadelphia.  N.T., 6/18/19,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 907(a).

at 12. During a brief encounter, Appellant took A.F.'s cell phone and proceeded to walk away. *Id.* at 12-13. The victims pursued Appellant in an attempt to retrieve A.F.'s phone. *Id.* at 13. The victims encountered Appellant inside a bar and demanded that he return the phone. *Id.* Appellant "grabbed [A.F.] by the hair and said, I don't have your phone." *Id.* A confrontation ensued wherein Appellant grabbed S.R.'s cell phone. *Id.* at 13-14. When S.R. would not release her phone, Appellant pulled out a knife, pointed it at S.R.'s chest, and threatened, "Bitch if you don't give me all your money and all of your phones, I'm going to kill you[;] you don't know me." *Id.* at 14. S.R. let go of her phone and Appellant fled on foot. *Id.* A.F. then called the police. *Id.*

Shortly thereafter, responding police officers observed a man, who matched A.F.'s description of the perpetrator, running near the scene of the robbery. *Id.* When police attempted to speak with Appellant, he fled. *Id.* at 14-15. Police officers pursued Appellant, apprehended him following a struggle, placed him under arrest, and transported the victims to the scene for purposes of identification. *Id.* at 15. The victims identified Appellant as their assailant. *Id.*

The Commonwealth subsequently charged Appellant with the above-mentioned offenses, as well as numerous related crimes. *See* Information,

4/2/14. The procedural history that followed in the ensuing years is convoluted and not relevant to the instant appeal.[2]

The matter ultimately proceeded to a guilty plea hearing on June 18, 2019. Appellant entered an open guilty plea to one count each of robbery and PIC; the Commonwealth *nolle prossed* the remaining charges. The trial court accepted Appellant's guilty pleas as knowingly and voluntarily tendered, and deferred sentencing for the preparation of a pre-sentence investigation (PSI) report and mental health report. N.T., 6/18/19, at 17.

Appellant's sentencing occurred on October 25, 2019. Prior to imposing sentence, the trial court expressed its "concern" over the fact that, while Appellant was on house arrest and awaiting sentencing, he incurred new convictions for several drug-related crimes (the new convictions). N.T., 10/25/19, at 13; **see also id.** at 12 (prosecutor detailing the circumstances of the new convictions).[3] Regarding the instant case, the trial court sentenced

_____

[2] This Court previously detailed the procedural history in **Commonwealth v. Maldonodo**, 173 A.3d 769, 771-73 (Pa. Super. 2017) (*en banc*).

[3] The trial court explained the new convictions as follows:

On August 24, 2019, while on house arrest and awaiting sentencing for the robbery [in the instant case], Appellant was again arrested and charged with possession with intent to deliver [a controlled substance] ("PWID"), conspiracy, and knowing and intentional possession of a controlled substance ("K&I"). That case was [docketed at] CP-51-CR-0007152-2019. …. On April 27, 2021, Appellant pled guilty … to PWID, conspiracy, and K&I … and was sentenced to 4 to 8 years of incarceration, to run

*(Footnote Continued Next Page)*

Appellant to a term of 8 to 16 years in prison for the robbery conviction, followed by five years of probation for the PIC conviction.[4] Six days later, Appellant timely filed a post-sentence motion (PSM) for reconsideration of his sentence. Appellant claimed the sentencing court "fail[ed] to appropriately consider the rehabilitative needs of [Appellant], a factor that must be considered under 42 Pa.C.S.A. § 9721(b)." PSM, 10/31/19, ¶ 5; *see also id.* ¶ 3 ("[Appellant] has a long history of both drug addiction and mental health issues.").[5]

_____

concurrent to the 8 to 16 years of incarceration that [the trial court imposed in the instant case.]

Trial Court Opinion, 7/22/24, at 2 (unpaginated).

[4] Significantly, these sentences were within the **standard range** of the applicable sentencing guidelines.

[5] Pennsylvania Rule of Criminal Procedure 720(B) governs post-sentence motions and provides, in relevant part: "If the judge fails to decide the [post-sentence] motion within 120 days, … the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a). Instantly, the trial court did not rule on Appellant's PSM within the 120-day time period. Accordingly, the PSM was deemed denied by operation of law on February 28, 2020, 120 days after it was filed. *Id.* However, the clerk of courts never entered an order, or docket entry, reflecting the denial of Appellant's PSM by operation of law, contrary to the requirements of Rule 720(B). *See* Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts" must 1) "enter an order on behalf of the court" stating that the motion is deemed denied; and 2) serve a copy of the order on defendant or his attorney and on the attorney for the Commonwealth).

We additionally observe that over a year later, on April 27, 2021, the trial court granted a motion that Appellant's counsel filed to withdraw the PSM (motion to withdraw). However, the motion to withdraw is not contained in
*(Footnote Continued Next Page)*

- 4 -

On April 14, 2022, Appellant filed a first, *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed Appellant counsel, who filed an amended PCRA petition on October 26, 2022. The amended petition claimed, *inter alia*, Appellant's trial counsel rendered ineffective assistance by filing the motion to withdraw Appellant's PSM. Amended PCRA Petition, 10/26/22, at 4.

On December 14, 2023, the PCRA court reinstated Appellant's right to appeal his judgment of sentence, *nunc pro tunc*. Appellant filed a notice of appeal four days later. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for review: "Whether Appellant's sentence was unduly harsh and excessive?" Appellant's Brief at 7 (capitalization and punctuation modified).[6, 7]

There is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Lawrence***, 313 A.3d 265, 286 (Pa. Super.

---

the certified record or listed on the trial court's docket. Further, the April 27, 2021, order is a nullity, as Appellant's PSM was already denied by operation of law. Pa.R.Crim.P. 720(B)(3)(a).

[6] The trial court did not address the merits of Appellant's discretionary aspects of sentencing challenge in its Rule 1925(a) opinion. ***See generally*** Trial Court Opinion, 7/22/24.

[7] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020) (citing ***Commonwealth v. Tirado***, 870 A.2d 362, 365 n.5 (Pa. Super. 2005)).

2024) ("Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." (citation and brackets omitted)). Rather, this Court applies a four-part test to determine:

> (1) whether the appellant filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Bartic*, 303 A.3d 124, 134 (Pa. Super. 2023) (brackets and some citations omitted).

Instantly, Appellant timely filed a notice of appeal, preserved his challenge to the sentence in a PSM, and his brief includes a Rule 2119(f) statement. *See* Appellant's Brief at 12-13. Appellant claims in his Rule 2119(f) statement that the trial court abused its discretion in imposing a "manifestly excessive" aggregate sentence, which failed to account for Appellant's rehabilitative needs. *Id.*; *see also id.* at 12 (asserting that Appellant "has a long history of both drug addiction and mental health issues," and that his "violent convictions are limited to the cases in front of the trial court and a robbery from 2008.").

Accordingly, we address whether Appellant's claim presents a substantial question. It is well-settled that a "substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing

- 6 -

Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and quotation marks omitted).

We conclude Appellant's claim presents a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (holding a claim that the trial court failed to consider a defendant's rehabilitative needs and the protection of society, in fashioning the defendant's sentence, presents a substantial question); *see also Commonwealth v. Knox*, 165 A.3d 925, 929-30 (Pa. Super. 2017) ("A claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances, such as [the defendant's] mental health history and difficult childhood, raises a substantial question.").

We are mindful of our standard of review: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Kitchen*, 162 A.3d 1140, 1146 (Pa. Super. 2017) (citation omitted); *see also Commonwealth v. King*, 182 A.3d 449, 454 (Pa. Super. 2018) ("The standard employed when reviewing the discretionary aspects of sentencing is very narrow." (citation omitted)).

> [A]n abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Reid*, 323 A.3d 26, 30 (Pa. Super. 2024) (citation omitted); *see also Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) ("When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." (citation and brackets omitted)). Our Supreme Court has explained that the "rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation and quotation marks omitted).

The Sentencing Code directs a trial court to follow the general principle that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and **the rehabilitative needs of the defendant**." 42 Pa.C.S.A. § 9721(b) (emphasis added).

> The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. In conducting appellate review, this Court cannot reweigh sentencing factors and impose judgment in place of the sentencing court where the lower court was fully aware of all [] factors.

*Lawrence*, 313 A.3d at 286 (internal citations, quotation marks, and brackets omitted); *see also Commonwealth v. Hill*, 66 A.3d 365, 370 (Pa. Super. 2013) (stating a sentencing court "has broad discretion in choosing the range

of permissible confinements that best suits a particular defendant and the circumstances surrounding his crime." (citation omitted)). A sentencing court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citation omitted).

The sentencing court must also consider the sentencing guidelines. *Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016). Here, it is undisputed that the sentences imposed for each charge fall within the standard range of the sentencing guidelines. *See* Appellant's Brief at 16; Commonwealth Brief at 5, 10. Therefore, we may only vacate Appellant's sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1254 (Pa. Super. 2014) (citing Section 9781(c)(2)).

Instantly, Appellant argues that "his 8-to-16-year [prison] sentence and 5 years of probation is unduly harsh, excessive, and unreasonable under the circumstances[,]" and it "is not consistent with the protection of the public or the rehabilitation of the Appellant." Appellant's Brief at 16. Appellant contends the sentencing court

> did not thoroughly evaluate [] Appellant's history and character
> as required, nor did the [s]entencing court appropriately consider

- 9 -

> Appellant's rehabilitative needs. The PSI and mental health report clearly indicated the severity of Appellant's need for rehabilitation rather than a lengthy incarceration sentence.

*Id.* at 17; *see also id.* at 15 ("[A]t sentencing, Appellant's counsel brought the severity of Appellant's mental health and drug use to the court's attention," and "suggest[ed that] when Appellant is not under the influence of drugs[,] he is generally non-violent."). Appellant further points out he "took responsibility for his actions by pleading guilty to his crimes." *Id.* at 15.

The Commonwealth counters the sentencing court properly exercised its discretion in imposing a reasonable and appropriate standard-guideline-range sentence, after considering all relevant sentencing factors. *See* Commonwealth Brief at 8-11. The Commonwealth emphasizes that the sentencing court was informed by a PSI. *Id.* at 9. According to the Commonwealth,

> it is therefore presumed [that the sentencing court] considered mitigating factors[, which the PSI] enumerated, including [Appellant's] father's murder, the untimely death of his younger sister, his regular exposure to drug use and violence as a young child, his multiple hospitalizations for chronic asthma attacks, his hepatitis diagnosis, a gunshot wound to his leg in 2016, and his history of self-harm. N.T., 10/25/19, at 14; PSI, 8/26/19…. [The sentencing court also noted] on the record that [Appellant] had serious mental health issues that needed to be addressed, [and] ordered [Appellant] to undergo drug treatment and mental health treatment. N.T., 10/25/19, at 14. Furthermore, in crafting an individualized sentence, the sentencing court noted [that Appellant] was charged with additional crimes while on house arrest and was thus a bad candidate for probation. *Id.*

Commonwealth Brief at 9 (formatting and citations modified). The Commonwealth contends that "[b]ecause the court issued a guideline

sentence, fully considered relevant mitigating evidence, and provided reasoning for [Appellant's] sentence on the record, there was no abuse of discretion." *Id.* at 10-11 (citation omitted).

We are guided by our decision in *Bonner*, 135 A.3d 592. There, we rejected the appellant's discretionary sentencing challenge to his guideline-range sentence, wherein he asserted that the sentencing court imposed an unreasonable aggregate sentence that did not account for his rehabilitative needs. *Id.* at 604-06. We observed that the sentencing court considered appellant's history of numerous juvenile adjudications, which "demonstrates that he is not amenable to rehabilitation." *Id.* at 604. We further recognized that

> the trial court discussed appellant's rehabilitative needs at sentencing. Although the trial court did not use the phrase "rehabilitative needs," the trial court discussed the fact that appellant's conduct in [threatening a police officer whom appellant struck with gunfire, in open court at the time of appellant's guilty plea,] indicated that [appellant] was not amenable to rehabilitation.

*Id.* (footnote omitted; capitalization modified); *see also id.* at 605 (trial court finding that appellant "was not amenable to mental health treatment that may assist him."). We also emphasized that the trial court had the benefit of a PSI, and stated that

> [w]here [a PSI] exist[s], we [] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A PSI constitutes the record and speaks for itself.

- 11 -

*Id.* at 605 (quoting **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014) (brackets omitted)); **see also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) (where the sentencing court had the benefit of a PSI, this Court will presume that the trial court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the [PSI], the sentencing court's discretion should not be disturbed.").

> The **Bonner** Court concluded that
>
> contrary to appellant's argument, the trial court carefully considered appellant's rehabilitative needs when fashioning an appropriate sentence. It determined that appellant had little chance of rehabilitation and, when weighed against the other statutory factors, a lengthy prison sentence within the guidelines range was appropriate.

**Bonner**, 135 A.3d at 605 (capitalization modified); **see also id.** ("The trial court carefully considered the section 9721(b) factors when sentencing" appellant). We determined that the trial court's "application of the [sentencing] guidelines was not 'clearly unreasonable.'" **Id.** at 606 (quoting 42 Pa.C.S.A. § 9781(c)(2)).

Instantly, like the situation in **Bonner**, the sentencing court (1) considered Appellant's PSI, individualized circumstances, and his significant criminal history, including the new convictions. N.T., 10/25/19, at 13-14 (sentencing court stating it considered the PSI and that it found Appellant's new convictions "extremely problematic."); **see also Bonner**, **supra**. Further, although the sentencing court "did not use the phrase 'rehabilitative needs,'" **Bonner**, 135 A.3d at 604, the record reflects that the court

considered Appellant's poor rehabilitative prospects. N.T., 10/25/19, at 13, 14 (sentencing court emphasizing Appellant's new convictions and stating that he has "shown that [he] is not a good candidate for probation[.]"). Moreover, the sentencing court considered Appellant's history of drug dependency and mental health issues, and "order[ed] that [he] get drug treatment and mental health treatment" as part of the sentence. *Id.* at 14. Finally, we reiterate that the sentencing court was not required to "undertake a lengthy discourse for its reasons for imposing a sentence," and we conclude that the "record as a whole [] reflect[s] the sentencing court's consideration of the facts of the crime and [Appellant's] character…." *Schutzues*, 54 A.3d at 99 (citation omitted).

In sum, we discern no abuse of the sentencing court's discretion. Contrary to Appellant's claim, his standard-guideline-range sentence is neither "clearly unreasonable" nor excessive. *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.") (citing *Moury*, 992 A.2d at 171 (holding combination of PSI and standard-range sentence, absent more, cannot be considered excessive or unreasonable)); *see also Walls*, 926 A.2d at 964 ("[R]ejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently").

Based on the foregoing, Appellant's discretionary sentencing challenge does not merit relief, and we thus affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/28/2025